Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1726 | **DATE** | 9/3/2002 |
| **CASE TITLE** | Joseph Mario Moreno vs. Town of Cicero, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss is DENIED. The Court GRANTS Plaintiff leave to amend their Complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | SEP 05 2002 | |
| | Notices mailed by judge's staff. | | date docketed | 44 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP -3 2002
Judge Harry D. Leinenweber
U.S. District Court

JOSEPH MARIO MORENO,

    Plaintiff,

v.

TOWN OF CICERO; BETTY LOREN-
MALTESE; THOMAS ROWAN; ANTHONY
INIQUEZ; JERRY CHLADA; LORNE
STENSON; EDWARD KOZLOWSKI;
GLENN WOLF; GEORGE PRESKY; and
LAWRENCE POLK,

    Defendants.

Case No. 01 C 1726

Hon. Harry D. Leinenweber

DOCKETED
SEP 0 5 2002

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendants Iniquez, Chlada, Kozlowski, Wolf, Presky and Polk (collectively, the "Defendants") to dismiss the Second Amended Complaint (the "Complaint") pursuant to FED.R.CIV.P. 12(b)(6). For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff Joseph Mario Moreno ("Moreno") brings this 42 U.S.C. § 1983 suit against the Town of Cicero and individual defendants Betty Loren-Maltese, Thomas Rowan, Anthony Iniquez, Jerry Chlada, Lorne Stenson, Edward Kozlowski, Glenn Wolf, George Presky and Lawrence Polk (collectively, the "Named Defendants"). The primary dispute centers around Moreno's arrest on December 14, 2000 following a political fund-raising Christmas party. Moreno

contends that at the direction of Loren-Maltese, Rowan, the Town Superintendent of Police contacted Special Investigator Wolf and directed him to form a detail consisting of, among others, defendants Wolf, Kozlowski, Chlada and Presky to conduct a surveillance of Moreno's party. Moreno further contends that after approximately five hours of surveillance, Patrol Officer Stenson was ordered by Patrol Officer Kozlowski and Wolf via cellular telephone (instead of the normal police radio communication system) to arrest Moreno as soon as he crossed the Chicago-Cicero border at Roosevelt Road and Laramie Avenue. Within three blocks of crossing the town line, Stenson pulled Moreno's black SUV to the side of the road, and arrested and transported Moreno to the Cicero Police Department headquarters on charges of (1) following too closely, (2) driving under the influence of alcohol and (3) driving on a revoked license.

Moreno argues that he was falsely arrested as part of an ongoing conspiracy by Loren-Maltese and her Regular Cicero Republican Organization to thwart his Democratic Party candidacy for the 2001 election of Cicero's Town President. Moreno claims that the higher-ranking members of the Cicero township government (namely, Loren-Maltese, Cicero Town President; Rowan, Town Superintendent of Police; and/or Iniquez, Town Deputy Superintendent of Police) had pulled Stenson from his normally

assigned duty of protecting Loren-Maltese so that he would be available to carry out the allegedly false arrest.

Within one day of Moreno's arrest, the Town of Cicero allegedly issued press releases, held press conferences and otherwise publicized that Moreno had been arrested and charged with driving under the influence and other criminal charges. Moreno claims that during the pendency of his criminal proceedings, the Named Defendants, as part of their broader conspiracy, falsified, hid and attempted to destroy exculpatory evidence concerning the criminal charges against him. According to the Complaint, the Illinois Attorney General's Office prosecutors (to whom Moreno's case had been referred for prosecution) requested to meet with Stenson, the arresting officer and sole complaining witness against Moreno, on February 12, 2001 to discuss how the case would be presented. Moreno claims that Stenson refused to answer any questions put to him at the meeting concerning the circumstances surrounding Moreno's arrest, and that he instead invoked his Fifth Amendment right against self-incrimination. The next day, on motion of the Illinois Attorney General's Office prosecutors, all charges against Moreno arising out of his arrest were dismissed.

## DISCUSSION

In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974). A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Motions to dismiss test whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer,* 416 U.S. at 236.

### *Legal Standard for § 1983 Cause of Action*

"To state a §1983 cause of action, the challenged complaint must satisfy two requirements: (1) that the defendant[s] acted under color of law, and (2) that the defendant[s] deprived plaintiff of a federal right." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991).

### *Count I*

Moreno alleges that defendants Town of Cicero, Loren-Maltese, Rowan, Chlada, Kozlowski, Wolf, Presky and Stenson caused him to be arrested without probable cause on December 14, 2000, thereby violating the Fourth Amendment's prohibition against unreasonable seizures. In their motion to dismiss, defendants Chlada, Kozlowski, Wolf and Presky argue that Moreno fails to state a claim against them, as only defendant Stenson was involved in the physical arrest of Moreno. Defendants are mistaken. "For liability under section 1983, direct participation is not

necessary. Any official who 'causes' a citizen to be deprived of [his] constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant[s] set in motion a series of events that the defendant[s] knew or should reasonably have known would cause others to deprive the plaintiff of [his] constitutional rights." *Conner v. Reinhard,* 847 F.2d 384, 396-97 (7th Cir. 1988). Accordingly, Defendants' motion to dismiss as to Count I is denied.

### Count II

On August 8, 2002 the motion of defendants Town of Cicero and Betty Loren-Maltese for summary judgment as to Count II was granted without objection, and the Court forthwith dismissed count II as to all defendants in this action.

### Count III

Moreno alleges that the Named Defendants committed (and engaged in a conspiracy to commit) the constitutional torts and other untoward actions alleged in order to retaliate against him for "express[ing] his political platform and beliefs." (Complaint at ¶60.) The First Amendment "prohibits . . . retaliating against the exercise of one's First Amendment right of free speech." *Power v. Summers,* 226 F.3d 815, 819 (7th Cir. 2000). Defendants argue that because they did not "arrest [Moreno] and did not charge him with criminal offenses, they cannot be liable to [Moreno] under this theory." (Mot. to Dismiss at 3.). Moreno does, however, state a Fourth Amendment claim against defendants Chlada,

Kozlowski, Wolf and Presky. Moreno also alleges that defendants Polk and Iniquez participated in "efforts to falsify evidence[] and attempts to hide and destroy exculpatory evidence concerning the charges against Moreno. . . ." (Complaint at ¶ 58.) Given that "[a]ny deprivation under color of law that is likely to deter the exercise of free speech . . . is actionable" under §1983, *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000), Defendants' motion to dismiss as to Count III is denied.

### *Count IV*

Moreno alleges that, under the direction of Loren-Maltese, the Named Defendants conspired to violate his federal constitutional rights to free speech, free political association, and freedom from unreasonable search and seizure. The Defendants claim that Moreno's conspiracy argument is insufficient for three reasons. First, Defendants claim that Moreno has failed to state beyond mere conjecture that the actions taken by the Named Defendants to survey Moreno's fund-raising Christmas party was anything more than an investigation of auxiliary police officers. Second, Defendants argue that the intracorporate conspiracy doctrine bars Moreno's conspiracy claim. (Mot. to Dismiss at 7.) Lastly, the Defendants contend that Moreno's conspiracy claims are flawed because he has not alleged to have suffered any injury above and beyond those caused by the alleged underlying deprivation of his constitutional rights.

The court disagrees. To establish a § 1983 conspiracy claim, a plaintiff need merely show "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Miller v. Vill. of Dolton*, 1995 WL 137051, at *6 (N.D. Ill. 1995). "As a practical matter, proof of a civil conspiracy broadens the scope of liability under § 1983 to include individuals who were part of a conspiracy[,] but did not act directly to deprive a plaintiff of his or her constitutional rights." *Id.* at *6.

Contrary to Defendants' assertions, Moreno is not required to plead with exact specificity a conspiracy to deprive him of his constitutional rights, but rather just enough "circumstantial evidence [that] may provide adequate proof of a conspiracy." *Id.* (citing *Hampton v. Hanrahan*, 600 F.2d 600, 621 (7th Cir. 1979)). To plead a conspiracy, Moreno need only plead "sufficient acts from which a conspiracy can be inferred; the facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically." *Reddick v. Bloomingdale Police Officers*, 2001 WL 789432, at *5 (N.D. Ill.). Plaintiff has done so here.

The intracorporate conspiracy doctrine does not bar Moreno's conspiracy claim in that it simply does not apply here. In *Newsome v. James*, 2000 WL 528475, at *14 (N.D. Ill.), this court explained that the intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for

routine, collaborative business decisions that are later alleged to be discriminatory. While the Seventh Circuit has extended the intracorporate conspiracy doctrine to § 1985 claims against individual members of single governmental entities due to their similar structure with corporations, the Seventh Circuit has yet to rule on the doctrine's applicability to § 1983 claims. Furthermore, Defendants' alleged conduct is not analogous in that police conduct is shielded only for routine, collaborative business decisions. The Named Defendants' actions are far from routine.

Lastly, Defendants are mistaken in their contention that Moreno must allege an injury above and beyond those caused by the underlying constitutional torts to sufficiently state a § 1983 conspiracy claim. As noted above, to establish a § 1983 conspiracy claim a plaintiff need merely show "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Miller*, 1995 WL 137051, at *6. Defendants' reliance on *Niehus v. Liberio*, 973 F.2d 526 (7th Cir. 1992) is misguided, in that Judge Posner's discussion centered on the need for evidence of injury from a constitutional tort, above and beyond that of an underlying state law tort claim. The Complaint adequately pleads two separate constitutional torts. Therefore, Defendants' motion to dismiss Count IV is denied.

The sole remaining question is whether defendants Iniquez or Polk should be included in Count I of the Complaint. It would

appear that all Named Defendants may be named in Count I, as they are all properly named in Count IV. See *Pinkerton v. U.S.*, 328 U.S. 640, 647 (1946) (holding that an act of one conspirator, in conjunction with the actions done by others in furtherance of the conspiracy, are attributable to all co-conspirators for the purposes of holding them responsible for the substantive offense.) The court is unclear which Named Defendants are part of Count I. Therefore, the court hereby grants Plaintiff leave to amend the complaint to assert a Fourteenth Amendment due process claim and to name all proper defendants.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is DENIED. The Court GRANTS Plaintiff leave to amend their Complaint.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 3, 2002